1

2   Lisa Counters, SBN 016436
    lisa@countersfirm.com
3   The Counters Firm, P.C.
    16421 N. Tatum Boulevard, Ste. 207
4   Phoenix, AZ  85032
    (602) 490-0030 (voice)
5   (888) 683-8397 (fax)
6

7   Attorneys for Plaintiff

8
                    UNITED STATES DISTRICT COURT
9
                          DISTRICT OF ARIZONA
10

11
    K.A.S., individually and as next of     Case No.:
12  friend for E.S., a minor,
                                             **COMPLAINT**
13
                          Plaintiff,
14
    v.
15
    Health Net of Arizona, Inc.
16
17                        Defendant.

18      Plaintiff for his complaint against Defendant, HEALTH NET of Arizona, Inc.

19  alleges:

20                    **PRELIMINARY ALLEGATIONS**

21      1.   This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of

22  the Employee Retirement Income Security Act of 1974 ("ERISA") and involves a

23  claim by Plaintiff for employee benefits under an employee benefit plan regulated

24  and governed under ERISA.  Jurisdiction is predicated under these code sections as

25  well as 28 U.S.C. § 1331 as this action involves a federal question.  This action is

26  brought for the purpose of obtaining benefits under the terms of an employee benefit

27  plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to

28  clarify Plaintiff's rights to future benefits under the employee benefit plan

1  administered by Defendant.  Plaintiff seeks relief, including but not limited to:
2  payment of benefits, prejudgment and post judgment interest, and attorneys' fees
3  and costs.
4        2.      Plaintiff, K.A.S. is and was at all relevant times a resident of the City of
5  Scottsdale, Maricopa County, Arizona.  K.A.S. is the father of minor, E.S., and has
6  consented to serve as next of friend in this litigation.  Thus, venue is proper in this
7  judicial district pursuant to 29 U.S.C. § 1132(e)(2).
8        3.      K.A.S. was at all relevant times a covered participant under the Health
9  Net of Arizona, Inc. ("HEALTH NET" or "the Plan"), an employee welfare benefit
10 plan regulated by ERISA and pursuant to which Plaintiff  E.S. is entitled to health
11 care benefits (Identification No. R07167313).  Plaintiff E.S. is a covered dependent
12 under the Plan.
13       4.      Health Net has its principal place of business in the State of Arizona, is
14 authorized to transact and is transacting business in the District of Arizona, and can
15 be found in the District of Arizona.
16       5.      The claims at issue herein were specifically administered in this
17 judicial district.  Thus, venue is proper in this judicial district pursuant to 29 U.S.C.
18 § 1132(e)(2) (special venue rules applicable to ERISA actions).

**FIRST CAUSE OF ACTION AGAINST HEALTH NET**
**LIFE INSURANCE COMPANY PLAN FOR DENIAL OF BENEFITS**

21       6.      Plaintiff incorporates by reference paragraphs 1 through 5 as though
22 fully set forth herein.
23       7.      Plaintiff, K.A.S., is the father of E.S., a 16-year old girl who suffers
24 from bulimia nervosa, major depressive disorder and generalized anxiety disorder.
25       8.      In 2012, E.S. received intensive outpatient treatment after her parents
26 discovered that she was engaging in a cycle of restricting her food intake, binging
27 and then purging.
28

9. On November 25, 2012, E.S. was admitted to Mirasol Eating Disorder Treatment Center ("Mirasol") in Arizona for residential treatment ("RTC").

10. Plaintiff requested benefits from Health Net for E.S's residential treatment at Mirasol.

11. On November 26, 2011, Health Net wrote a letter denying the request for benefits on the basis that residential treatment for eating disorders was not a covered benefit under the Plan.

12. Plaintiff appealed Health Net's denial on the basis that his daughter's co-morbid conditions of Generalized Anxiety Disorder and Major Depressive Disorder were not exclusions under the plan.

14. In a September 11, 2013 letter, Health Net denied the Level 1 Appeal on the basis that residential treatment was not a covered benefit.

15. Plaintiff's attorneys promptly submitted a Level 2 appeal to Anthem.

16. On December 4, 2013, Health Net wrote a letter denying the Level 2 appeal on the basis that residential treatment was not a covered benefit under the Plan.

17. E.S. remained at Mirasol for residential treatment until her discharge on February 12, 2013. K.A.S. incurred the cost of treatment.

18. Defendant wrongfully denied the claim for benefits, in the following respects, among others:

> (a) Violation of the Federal Mental Health Parity Act ("MHPAEA") which requires that any group health plan, issued on or after October 1, 2009 and which provides mental health coverage, must ensure that "the treatment limitations" applicable to mental health coverage "are no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits." Subd. (a)(3)(A)(iii). The statute's definition of "mental health" includes bulimia nervosa and major depressive disorder. The statute defines "treatment limitation" as including "limits on the frequency of

treatment, number of visits, day of coverage or other similar limits on the scope or duration of treatment." Subd. (a)(3)(B)(iii). The MHPAEA requires that a group health plan not "impose a non-quantitative treatment limitation with respect to mental health or substance use disorder benefits in any classification unless, under the terms of the plan as written and in operation, any processes, strategies, evidentiary standards, or other factors used in applying the non-quantitative treatment limitation to mental health or substance use disorder benefits in the classification are comparable to, and are applied no more stringently than, the processes, strategies, evidentiary standards, or other factors used in applying the limitation with respect to medical surgical/benefits in the classification, except to the extent that recognized clinically appropriate standards of care may permit a difference."

(b) Failure to pay medical benefit payments due to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan;

(c) Failure to provide reasonable explanations of the bases relied on under the terms of the Plan documents, in relation to the applicable facts, laws and Plan provisions, for the denial of the claims for medical benefits;

(d) Failure to promptly provide claims and appeals decisions within applicable time limits required by ERISA and the Plan; and

(e) Failure to properly and adequately investigate the merits of the claims.

19. On information and belief, Plaintiff alleges that Defendant wrongfully denied the claims for benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

20. Following the denial of the claims for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and performed all duties and obligations on her part to be performed.

21. As a proximate result of the denial of medical benefits, Plaintiff has been damaged in the amount of all of the medical bills incurred for the treatment.

22. As a further direct and proximate result of this improper determination regarding the medical claims, Plaintiff, in pursuing this action, has been required to incur attorney's costs and fees.  Pursuant to 29 U.S.C § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

23. Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her rights to future benefits under the terms of the Plan.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT FOR EQUITABLE RELIEF

24. Plaintiff refers to and incorporate by reference paragraphs 1 through 23 as though fully set forth herein.

25. As a direct and proximate result of the failure of the Defendant to pay claims for medical benefits, and the resulting injuries and damages sustained by Plaintiff, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

(a) Restitution of all past benefits due to Plaintiff, plus prejudgment and post-judgment interest at the lawful rate; and

(b) Such other and further relief as the Court deems necessary and proper to protect the interests of Plaintiff under the Plan.

## REQUEST FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1. Payment of health benefits due to Plaintiff under the Plan;

2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys'

1  fees incurred in pursuing this action;
2      3.   Payment of prejudgment and post-judgment interest at the highest rate
3  allowable by law; and
4      4.   For such other and further relief as the Court deems just and proper.

DATED: July 15, 2014                THE COUNTERS FIRM, P.C.

                                    BY:   /s/ Lisa J. Counters
                                          Lisa J. Counters

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use *only* in the District of Arizona.

**The completed cover sheet must be printed directly to PDF and filed as an attachment to the Complaint or Notice of Removal.**

**Plaintiff**(s): **K. A. S. ; E. S.**        **Defendant**(s): **Health Net of Arizona, Inc.**

County of Residence: Maricopa              County of Residence: Maricopa

County Where Claim For Relief Arose: Maricopa

Plaintiff's Atty(s):                                        Defendant's Atty(s):

**Lisa J. Counters**
**The Counters Firm, PC**
**16421 N. Tatum Blvd., Suite 207**
**Phoenix, Arizona  85032**
**602-490-0030**

II. Basis of Jurisdiction:            **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal Parties **(Diversity Cases Only)**

Plaintiff:- **N/A**
Defendant:- **N/A**

IV. Origin :            **1. Original Proceeding**

V. Nature of Suit:      **791 E.R.I.S.A**

VI. Cause of Action:    **29 USC 1132**

VII. Requested in Complaint

Class Action: **No**

Dollar Demand:

Jury Demand: **No**

---

VIII. This case **is not related** to another case.

---

**Signature:** Lisa Counters

Date: 07/15/2014

**If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, save this form as a PDF and include it as an attachment to your case opening documents.**

**Revised: 01/2014**